UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MILES VALENTINO RAHIMI,
    *Plaintiff*,

v.

SECRETARY OF THE NAVY,
    *Defendant*.

No. 3:19-cv-01852 (JAM)

**ORDER DENYING PENDING MOTIONS**

Plaintiff Miles Valentino Rahimi brings this action *pro se* under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701, *et seq.*, challenging a decision of the Board for Correction of Naval Records (BCNR) denying his application for correction of his naval record. For the reasons set forth below, I will deny his motions for leave to proceed *in forma pauperis* and for preliminary injunctive relief.

**BACKGROUND**

Rahimi's four-page complaint is confusingly written, but it appears to allege a dispute with his employer, the U.S. Navy, over his eligibility for a promotion. In 2015, Rahimi experienced "injustices," on which he does not elaborate. Doc. #1 at 2. The following year, he applied to the BCNR to correct his naval record, but he does not describe what correction was requested. *Id.* at 1-2. Whatever the request, it was granted in part and denied in part in 2017 due to insufficient evidence. *Ibid.* Rahimi then "appeal[ed]" with more evidence and a new request, apparently for a promotion. *Id.* at 2. In 2018, he was granted the relief initially sought, but was found "not eligible for an additional promotion because he has not completed the required advancement exam for advancement to E-5." *Ibid.* (quoting the BCNR decision). Rahimi

subsequently "pass[ed]" the requisite exam and filed a new application, but recently was denied the promotion "due to the injustices incurred in 2015" and "as a result of exam scores." *Ibid.*

The thrust of Rahimi's complaint is directed to the BCNR's determination that his exam performance did not merit an additional promotion to the E-5 pay grade. He alleges this decision violated Bureau of Naval Personnel (BUPERS) Instruction 5420.21A, which requires BUPERS to prepare its advisory opinions to the BCNR "from the standpoint that the petitioner is correct until proven otherwise," and in fact relied on no advisory opinion at all. *Ibid*. More broadly, the BCNR's ultimate decision to correct only "the injustice experienced in 2015" and not to find Rahimi eligible for additional promotion by reason of his exam performance, Rahimi argues, was "arbitrary and capricious" and "ignor[ed] material components," including Rahimi's long fight to correct the 2015 "injustices," his "deliberate attempt to focus on being a full-time student, while on Active Duty," instead of studying for the required exam, and a 2017 effort by a senior officer to remove a performance evaluation from Rahimi's file in an (apparently unsuccessful) effort to have Rahimi discharged. *Id.* at 2-3. But for these impediments, Rahimi alleges, he would have qualified for E-5 either without the exam or with qualifying exam scores; as it is, Rahimi alleges he has the skills the exam tests for, rendering it superfluous. *Id.* at 3.

Rahimi alleges he now faces imminent separation from active duty at his current erroneous pay grade and time constraints on his ability to apply to certain naval positions requiring a higher pay grade. *Id.* at 4. He has filed an emergency motion for preliminary injunctive relief, Doc. #2, "[r]equiring Defendant to correct Plaintiff[']s naval record by a back-dated promotion to the Fall 2016 advancement cycle 232" and "to pay all owed back-dated pay and allowances related." Doc. #1 at 4. He has not supported his emergency motion for preliminary injunctive relief with a memorandum of law.

## DISCUSSION

### *Motion to proceed* in forma pauperis

Rahimi has filed a motion for leave to proceed *in forma pauperis* (IFP). Doc. #3. Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without prepayment of fees and costs provided the plaintiff submits sufficient documentation demonstrating that he is "unable to pay" or "give security therefor." While a plaintiff is not required to choose between filing a potentially meritorious claim and destitution, *see Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983), a court may deny an IFP motion if the plaintiff does not submit the requisite financial information or fails to demonstrate inability to pay, *see Hearn v. Comm'r of Soc. Sec. Disability Admin.*, 2007 WL 2972542, at *1 (D.N.J. 2007). The decision whether to grant an IFP motion is left to the district court's discretion. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).

Rahimi's motion includes a financial affidavit that he cannot afford to pay fees and costs. *Id.* at 2-5. But his application is deficient in two respects. First, he did not sign it. Second, and more crucial, he fails to demonstrate inability to pay. He and his spouse are both employed and without children, with a pre-tax household income of $61,968, *id.* at 2—nearly quadruple the federal poverty guideline for a family of two, *see* 84 Fed. Reg. 1167 (Feb. 1, 2019). Less his yearly obligations, that amount totals $14,011. Doc. #3 at 5. He also has $9,090 in home equity, $6,331 in automobile equity, and $3,323 in liquid cash. *Id.* at 4. While for many filing a lawsuit involves no small measure of financial sacrifice, Rahimi has not shown that he would face the poverty found in cases that have warranted a grant of IFP status. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).

Nevertheless, I will exercise my discretion to grant the IFP motion solely for the purpose of ruling on his emergency motion for preliminary injunctive relief. It is otherwise denied.

*Motion for preliminary injunctive relief*

Rahimi has also filed a motion for "emergency injunctive relief," Doc. #2, which I construe as a motion for a temporary restraining order or otherwise a preliminary injunction. Both are extraordinary equitable remedies for which a plaintiff bears the burden to show (1) a likelihood of irreparable harm absent injunctive relief, (2) a likelihood of success on the merits or a sufficiently serious question going to the merits, and a balance of hardships tipping decidedly in the moving party's favor, and (3) the public interest weighing in favor of granting an injunction. *See Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (preliminary injunction); *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305 (S.D.N.Y. 2010) (temporary restraining order).

I conclude that Rahimi has not shown a likelihood of irreparable harm absent relief. The Supreme Court has held that the injuries that generally attend a discharge from employment, such as loss of income and difficulty finding other employment, do not constitute irreparable harm. *See Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) (citing *Sampson v. Murray*, 415 U.S. 61, 89-92 (1974)). The Second Circuit and several of its sister courts have held that this reasoning may apply with even greater force in the military context. *Guitard*, 967 F.2d at 742 (collecting cases). The injuries alleged by Rahimi—receiving less income than he is otherwise entitled to on separation and an inability to apply for higher-income positions in the Navy—are precisely the sorts of injuries that do not warrant an emergency grant of preliminary injunctive relief.

Even if I assume that Rahimi has established irreparable harm, he has not demonstrated a likelihood of success on the merits of his claim. Under the APA, a court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The military's procedure for amending records provides that "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552. The Navy remedies errors or injustices through the BCNR, as described in 32 C.F.R. § 723.1, *et seq.* The BCNR "may deny an application . . . if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice." *Id.* § 723.3(e)(2). It presumes that public officers have properly discharged their duties "in the absence of substantial evidence to the contrary." *Ibid.* If the BCNR's initial decision is adverse to the applicant, he may request reconsideration. 10 U.S.C § 1552(a)(3)(D).

Rahimi does not describe the alleged injustices he faced in 2015 and suggests that the denial of a promotion for failing to achieve the requisite exam score was error. As I noted above, the BUPERS Instruction he relies on applies to advisory opinions issued by BUPERS and not decisions by the BCNR, where the burden of proof is decidedly with the applicant. The vague and sparse allegations before me do not show a likelihood of success on the merits.

I further conclude that Rahimi has not shown that the public interest weighs in favor of my entering an order to require the Navy to retroactively promote him and award him backpay. "[T]he circumstances of the harm alleged by a movant for injunctive relief must be truly extraordinary and the harm truly drastic in order to justify the intervention of this court in the affairs of the military and, as a result, into the trust placed in it by the public." *Cooney v. Dalton*, 877 F. Supp. 508, 515 (D. Haw. 1995). As discussed above, Rahimi has not alleged any

extraordinary or drastic harms. Accordingly, in light of all the relevant factors, I conclude that Rahimi has not made an adequate showing to entitle him to preliminary injunctive relief.

## CONCLUSION

For the forgoing reasons, the Court DENIES plaintiff's motions for leave to proceed *in forma pauperis*, Doc. #3, and for preliminary injunctive relief, Doc. #2. Plaintiff's claims are subject to dismissal unless he pays the filing fee by **December 27, 2019**. If plaintiff does not pay the filing fee by that date, then all claims are deemed dismissed.

It is so ordered.

Dated at New Haven this 4th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge